UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR MERRILL LYNCH MORTGAGE INVESTORS, INC., MORTAGE PASS THROUGH CERTIFICATES, MANA SERIES 2007-A2,<br><br>Plaintiff,<br><br>v.<br><br>JOLAN MANGUIN, an individual; CARMEN MANGUIN, an individual; ALEX P. SORIA, an individual; DOES 1 through 20, inclusive, as any persons and/or entities claiming an interest in the subject real property,<br><br>Defendants. | Case No. 2:16-cv-02830-APG-PAL<br><br>**ORDER REMANDING CASE TO STATE COURT**<br><br>(ECF No. 11) |

Defendants Jolan Manguin and Carmen Manguin removed this case to federal court on December 7, 2016, 19 months after they were served with the state court complaint. ECF Nos. 1, 11-4. Removal was untimely because they were required to remove the case within 30 days of service of the summons and complaint. 28 U.S.C. § 1446(b). Plaintiff HSBC Bank opposes removal and requests that I remand the case to state court. ECF No. 11.

HSBC should have requested remand within 30 days of removal. 28 U.S.C. § 1447(c). But its request to remand was filed on January 18, 2017, 52 days after removal. ECF No. 11. HSBC contends that it was not served with the removal petition until December 20, 2016. *Id.* at 2:20. But the 30-day deadline to seek remand is tied to the date of removal, not to the date of service of the notice of removal. 28 U.S.C. § 1447(c). Regardless, in their Reply the Manguins did not object to

the remand request as untimely. ECF No. 17.[1] The 30-day removal deadline of 28 U.S.C. § 1446(b) is procedural—not jurisdictional—and may be waived. *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). Similarly, the 30-day remand deadline is procedural and may be waived. *Student A. By & Through Mother of Student A. v. Metcho*, 710 F. Supp. 267, 269 (N.D. Cal. 1989) ("Because that objection does not go to subject matter jurisdiction it is waivable.") (citation omitted). Moreover, there is a "well-settled presumption in favor of remand." *Id.* (citing *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).

The Manguins have waived any objection to the untimeliness of HSBC's request for remand. Because removal was grossly untimely, this case will be remanded.

IT IS THEREFORE ORDERED the case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

Dated: March 10, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Nor did the Manguins respond to Magistrate Judge Leen's order that they explain why removal was untimely and why the case should not be summarily remanded. ECF No. 5 at 2, ¶¶ 4, 5.